IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02708-GPG-KAS

THOMAS MADISON GLIMP,

    Plaintiff,

v.

THE DEPARTMENT OF COMMERCE'S BUREAU OF INDUSTRY AND SECURITY,
THE DEPARTMENT OF STATE'S DIRECTORATE OF DEFENSE TRADE CONTROLS, and
THE DEPARTMENT OF HOMELAND SECURITY'S U.S. CUSTOMS AND BORDER PROTECTION AGENCY,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendants' **Motion to Dismiss** [#54] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[1] filed a Response [#63], Defendants filed a Reply [#70], and Plaintiff filed a Surreply [#71], with permission of the Court. The Motion [#54] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#66]. The Court has reviewed the Motion [#54], the Response [#63], the Reply [#70], the Surreply [#71], the entire case record, and the applicable law and is sufficiently advised

---

[1] The Court must liberally construe the filings of a pro se litigant "so as to do justice." *See* Fed. R. Civ. P. 8(e); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may not "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997) (citing *Hall*, F.2d at 1110). Further, pro se litigants are subject to the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#54] be **GRANTED** and that Plaintiff's Amended Complaint [#28] be **DISMISSED without prejudice**.

## I. Background

Plaintiff's (Second) Amended Complaint [#28][2] asserts numerous claims against the Department of Commerce's Bureau of Industry and Security ("BIS"), the Department of State's Directorate of Defense Trade Controls, and the Department of Homeland Security's United States Customs and Border Protection Agency. *Am. Compl.* [#28] ¶¶ 3, 5-6, 8-9, 12-14. Plaintiff is a former independent contractor of Medcor, "a workplace healthcare solutions company." *Id.* ¶¶ 24-25.

During Plaintiff's time with Medcor, he was tasked with working with iConnect, a separate entity owned by Medcor's CEO and CIO.[3] *Id.* ¶¶ 26-29. His work included assisting in the development of a "healthcare triage software product," which led him to providing Medcor's CIO with "design assets and objects that contain embedded source and/or object code inclusive of style sheets." *Id.* ¶ 29(a). Medcor's CIO then sent these

---

[2] Plaintiff asserts that "[t]he Amended Complaint [#28], [ ] Response [#63], and [ ] Surreply [#71] should be viewed collectively as the operative amended complaint." *Surreply* [#71] ¶ 7. The Response [#63] and Surreply [#71] expand on arguments mentioned in the Amended Complaint [#28]. A party may not amend his complaint in motion briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief"); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (stating that it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss"). Nevertheless, the Court has reviewed the contents of the Response [#63] and the Surreply [#71] and finds that the Court's analysis and conclusion regarding sovereign immunity would remain unchanged by viewing Plaintiff's briefs as part of an amended complaint.

[3] Plaintiff does not define the terms "CEO" or "CIO." *Am. Compl.* [#28] ¶¶ 26, 29. The Court interprets CEO to likely refer to "Chief Executive Officer" and CIO to likely refer to "Chief Information Officer" or "Chief Investment Officer." The Court's analysis regarding sovereign immunity is unaffected by the meaning of either abbreviation.

design assets to iConnect personnel in Palestine. *Id.* Plaintiff identifies these transactions as "deemed exports" that are subject to Export Administration Regulations and the United States Munition List because the design assets are capable of being used as an encryption tool and listening device. *Id.* ¶¶ 29-30, 32. Plaintiff alleges that his involvement with Medcor has prompted Defendants to subject him to "blockades, seizures, blacklisting, and other forms of sanctions."[4] *See id.* ¶ 38. Plaintiff further alleges that, during his communications with BIS Special Agent Watson, he was instructed to provide a written declaration "certifying . . . delineat[ion of his] sins" in order to receive administrative review. *Id.* ¶¶ 50-52.

The alleged sanctions include denial of telecommunication services by Microsoft, AT&T, Comcast, and RCN Telecommunication at his business property, disruption to telephone and computing devices, receipt of failing grades in a Spanish course, revoked and disrupted access to online resources,[5] disruption to his online dating profiles in the form of undesired "match[es]" with foreign women despite a desire to only date women from the United States, disrupted access to software affecting trade, and disrupted access to trade facilities per se. *Id.* ¶¶ 111, 123-24, 126, 129, 132-33, 135-36, 143-44, 146-47, 160.

Plaintiff lists his claims as follows: (1) Deprivation of Procedural Due Process Rights of Notice and Hearing; (2) Conspiracy to Deprive of Due Process; (3)

---

[4] Plaintiff also discusses, in detail, pending litigation brought by Alloyed Enterprises against his former legal counsel for "fail[ing] to advise of the obligations to claim licenses" when handling and possessing "recipes" that contain potentially dangerous biological organisms, such as *e. coli*, that are subject to BIS regulations and Export Administration Regulations sanctions. *Am. Compl.* [#28] ¶¶ 65, 75, 78, 79. Alloyed Enterprises is not a party to the current lawsuit. *Id.* at 1.

[5] Plaintiff alleges that some of his online search engine results have been replaced with fictitious results. *Am. Compl.* [#28] ¶ 136.

Unreasonable Search and Seizure of Personal Property; (4) Taking of Mixed Property Without Just Compensation; (5) Taking of Property Interests In Employment; (6) Deprivation of Due Process Rights of Association, Speech, and Press Through Seizures of Data Packets; (7) Recovery of Costs for Study; (8) Deprivation of Religious Liberty; and (9) Imposition of an Excessive Fine or Forfeiture. *Id.* ¶¶ 165-69, 171-75, 177-83, 185-94, 196-99, 201-04, 206-09, 211-15, 217-24. Plaintiff seeks $900,000 in damages, an injunction "barring the Defendants against further encroaching deprivations of liberty and takings of property without notice and hearing," enforcement of "right-of-way to use commencing study and trade in the manners [permitted]," and "all other remedy and further relief which the court deems to be just." *Id.* ¶¶ 231, 233-34. In the present Motion [#54], Defendants seek dismissal of all of Plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[6]

## II. Legal Standard of Review

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). Because federal courts are tribunals of limited jurisdiction, the Court must establish a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

---

[6] The Court does not reach Defendants' remaining arguments for dismissal under Fed. R. Civ. P. 12(b)(6) given its conclusion, for the reasons stated below, that it lacks subject matter jurisdiction. *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1295-96 (D. Colo. 2009).

The Court must may only exercise jurisdiction "in the presence rather than the absence of statutory authority." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys. v. United States Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

"Rule 12(b)(1) challenges may take two different forms." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff*, 65 F.4th at 507 (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment[.]" *SK Fin. SA*, 126 F.3d at 1275. "In such instances, a court has discretion to consider affidavits and other documents to resolve the jurisdictional question." *Graff*, 65 F.4th at 507 (citing *Holt*, 46 F.3d at 1003).

### III. Analysis

Plaintiff argues that the Court has jurisdiction over his claims made against Defendants pursuant to several statutory provisions. *Am. Compl.* [#28] ¶¶ 15-23; *Response* [#63] ¶¶ 8-14. Defendants argue that the Court lacks subject matter jurisdiction over this action because Plaintiff did not identify a valid waiver of sovereign immunity. *Motion* [#54]; *Reply* [#70].

Plaintiff's allegations raise issues of sovereign immunity because they are against agencies of the United States. "Sovereign immunity is jurisdictional in nature," and so, in the absence of a valid waiver, it "shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Courts lack subject matter jurisdiction to hear claims against the Government, unless the Government waives its immunity by consenting to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity may not be implied and must be clearly announced. *Id.* at 219.

The "[p]laintiff bears the burden of establishing waiver to sovereign immunity." *Goodwill Indus. Servs. Corp. v. Comm. for Purchase from People who are Blind or Severely Disabled*, 378 F. Supp. 2d 1290, 1292 (D. Colo. 2005). Here, Plaintiff is not entirely clear regarding precisely which statutes he asserts waive sovereign immunity, as opposed to which statutes he believes generally confer jurisdiction on the court. *See, e.g.*, *Am. Compl.* [#28] ¶¶ 15-23. Nevertheless, the Court has liberally construed his Amended Complaint [#28] and briefs in addressing the issue of sovereign immunity and attempts to

address each statutory basis for waiver that Plaintiff *may* have attempted to assert. *See* Fed. R. Civ. P. 8(e); *Haines*, 404 U.S. at 521; *Hall*, 935 F.2d at 1110.

First, Plaintiff asserts that sovereign immunity is waived pursuant to 28 U.S.C. § 1331 and 1343. *Am. Compl.* [#28] ¶ 15. Section 1331 grants jurisdiction to district courts over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. However, Section 1331 "will only confer subject matter jurisdiction where some other statute provides such a waiver." *High Country Citizens All. v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (citing *City of Albuquerque v. U.S. Dep't of the Interior*, 379 F.3d 901, 906-07 (10th Cir. 2004)); *Goodwill Indus. Servs. Corp.*, 378 F. Supp. 2d at 1292. Section 1343 is a jurisdictional statute that does not include language indicating an explicit waiver of sovereign immunity. *See* 28 U.S.C. § 1343. The Court is not aware of any legal authority holding that Section 1343 may satisfy the waiver of sovereign immunity prerequisite, and Plaintiff has not cited to any legal authority indicating otherwise. The statutory language lacks an express waiver of sovereign immunity and, therefore, the Court finds that it may not serve as a basis for subject matter jurisdiction. *Smith*, 643 F. Supp. 2d at 1290-91; *Salazar v. Heckler*, 787 F.2d 527, 528-29 (10th Cir. 1986).

Second, Plaintiff appears to rely on 28 U.S.C. § 1367 as a waiver of sovereign immunity. *Am. Compl.* [#28] ¶ 18. Section 1367 provides that federal courts with original jurisdiction may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The statutory language of § 1367 does not indicate the government's intent to

waive sovereign immunity. *See id.* Plaintiff has not specified another federal statute that waives the Defendants' sovereign immunity in connection with § 1367. *Am. Compl.* [#28]. In the absence of another statute to act as the basis of a waiver of sovereign immunity, the Court finds that § 1367 does not abrogate sovereign immunity. *See Hackworth v. Kan. City Veterans Admin. Med. Ctr.*, No. 6:13-cv-03363-MDH, 2015 WL 506245, at *3 (W.D. Mo. Feb. 6, 2015).

Third, Plaintiff appears to rely on 28 U.S.C. §§ 1391, 1403, and 1492; 33 U.S.C. § 1803; and "Dodd-Frank § 217."[7] *Am. Compl.* [#28] ¶¶ 16-17, 19; *Response* [#63] at 12. Section 1391 pertains to the rules of venue generally and "govern[s] the venue of all civil actions brought in district courts." Section 1403 addresses the rules of venue in cases pertaining to eminent domain. Section 1492 indicates that Congress may refer a matter to the Court of Federal Claims. Section 1803 provides direction for a "study with respect to inland waterway user taxes and charges." The language in these four statutes does not provide a waiver of sovereign immunity. In addition, Plaintiff indicates reliance Section 217 of the Dodd-Frank Act, which concerns a "Study on International Coordination Relating to Bankruptcy Process for Nonbank Financial Institutions." *Am. Compl.* [#28] ¶ 17. Nothing in Section 217 indicates waiver of sovereign immunity for any purpose. Thus, the Court finds that these five statutes do not demonstrate the Government's consent to a waiver of sovereign immunity.

Fourth, Plaintiff appears to rely on 42 U.S.C. § 1986 to waive sovereign immunity. *Am. Compl.* [#28] ¶ 20. The Government has not waived sovereign immunity for claims

---

[7] Plaintiff also implies reliance on "§ 35 PL No. 1-1." *Am. Compl.* [#28] ¶ 17. The Court has reviewed this citation, which appears to be incomplete, and was not able to determine what law Plaintiff intended to reference.

pursuant to civil rights, including § 1986. *Buck v. Stewart*, No. 07-CV-774-SPF, 2008 WL 901716, at *3 (D. Utah Mar. 31, 2008) (citing *Unimex, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982); *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987)).

Fifth, Plaintiff appears to rely on 42 U.S.C. § 1983, 28 U.S.C. §§ 2201-02, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, *see Am. Compl.* [#28] ¶¶ 15, 20-21, all of which have been held to not act as a waiver of sovereign immunity. *Smith*, 643 F. Supp. 2d at 1291 (collecting cases addressing lack of waiver in at-issue statutory and constitutional provisions).

Sixth, Plaintiff argues that sovereign immunity is waived pursuant to 28 U.S.C. § 1491 (the "Tucker Act") and 28 U.S.C. § 1346 (the "Little Tucker Act"). *Am. Compl.* [#28] ¶ 22. Defendants argue that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction because Plaintiff's Amended Complaint [#28] seeks to recover monetary relief over $10,000. *Motion* [#54] at 13; *Reply* [#70] at 5 n.2. The Tucker Act "'vests exclusive jurisdiction' with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000." *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997) (citing *New Mexico v. Regan*, 745 F.2d 1318, 1322 (10th Cir. 1984). The Little Tucker Act "grants federal district courts concurrent jurisdiction over contract claims against the government where plaintiffs seek no more than $10,000 in damages." *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1081 (10th Cir. 2006). To determine whether it has jurisdiction, the Court must review Plaintiff's Amended

Complaint [#28] to determine if the relief sought by Plaintiff includes monetary damages exceeding $10,000. *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 675-676 (10th Cir. 1991). Here, Plaintiff seeks $900,000 in monetary compensation. *Am. Compl.* [#28] ¶ 233. Because Plaintiff seeks monetary damages greater than $10,000, the Court finds that the United States has not waived its sovereign immunity in district court pursuant to the Tucker Act or the Little Tucker Act. *Francis E. Heydt Co.*, 948 F.2d at 675-676.

In addition to the $900,000 in monetary damages sought, Plaintiff seeks nonmonetary relief including an injunction "barring the Defendants against further encroaching deprivations of liberty and takings of property without notice and hearing," enforcement of "right-of-way to use commencing study and trade in the manners . . . permitted," and "all other remedy and further relief which the court deems to be just." *Am. Compl.* [#28] ¶¶ 231, 233-34. Regarding the Tucker Act, "Tenth Circuit law is clear that Court of Federal Claims' exclusive jurisdiction may not be avoided by 'framing a complaint in the district court as one seeking injunctive, declaratory, or mandatory relief when, in reality, the thrust of the suit is one seeking money from the United States.'" *Burkins*, 112 F.3d at 449 (quoting *Regan*, 745 F.2d at 1322). The Court may not expand its jurisdiction over Tucker Act claims that primarily seek monetary relief on the grounds that nonmonetary relief is also sought. *Id.* Thus, the conclusion that the Court lacks a basis for subject matter jurisdiction remains unchanged by Plaintiff's decision to seek nonmonetary relief when the monetary relief is the "thrust of the suit." *Am. Compl.* [#28] ¶¶ 231, 233-34; *Burkins*, 112 F.3d at 449 (quoting *Regan*, 745 F.2d at 1322).

Finally, Plaintiff argues that Congress waived sovereign immunity under the Administrative Procedure Act ("APA"). *Response* [#63] ¶ 16. The APA acts as a limited

waiver of sovereign immunity, "because it does not confer 'authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.'" *Goodwill Indus. Servs. Corp.*, 378 F. Supp. 2d at 1294 (citing *City of Albuquerque*, 379 F.3d at 907). As discussed above, Plaintiff's claims are subject to the Tucker Act, which vests exclusive jurisdiction with the Court of Federal Claims. Accordingly, the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's claims on the merits.[8]

When a court finds that it lacks jurisdiction over a plaintiff's claims, 28 U.S.C. § 1631 requires the court to "transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed," *if* such transfer is in the "interest of justice." In the Tenth Circuit, the phrase "if it is in the interest of justice" gives a district court that lacks jurisdiction "discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

A party seeking transfer bears the burden of establishing the necessary elements for a transfer: "(1) a lack of jurisdiction in the transferor court; (2) that the transfer would be in the interest of justice; and (3) that the case could have been brought in the transferee court when it was originally filed." *King v. United States*, No. 21-cv-01421-CMA-NYW,

---

[8] The Court notes that Plaintiff briefly mentions the Federal Tort Claims Act ("FTCA") in his Response. *See* [#63] at 7. The FTCA "waives aspects of the government's sovereign immunity for certain classes of torts," although this partial waiver does not include "certain types of decisions, including decisions covered by the so-called discretionary function exception." *Knezovich v. United States*, __ F.4th __, __, No. 22-8023, 2023 WL 5988300, at *3 (10th Cir. Sept. 15, 2023). However, a review of the Amended Complaint [#28] demonstrates that he has not asserted any claims under the FTCA, and therefore the Court need not determine whether the FTCA waives sovereign immunity here.

2022 WL 889173, at *4 (D. Colo. Mar. 25, 2022) (citing *Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 233 (D.D.C. 2018)). Plaintiff requests the Court "grant all necessary motions for transfer" to a proper venue despite not having filed such motions. *Am. Compl.* [#28] ¶ 226-27 ("I pray that the court shall . . . separate component claims and assign them to the proper forums determined by the Congress, [sic] and grant all necessary motions for transfer of venue required to effectuate same[.]"). This statement does not meet the elements required for the Court to find that transfer of his case is in the interest of justice. Accordingly, the Court finds that Plaintiff has not met his burden and that transfer is not appropriate.

## IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that Defendants' Motion [#54] be **GRANTED** and that Plaintiff's Amended Complaint [#28] be **DISMISSED without prejudice** based on lack of subject matter jurisdiction. *See Martinez v. Martinez*, 62 F. App'x 309, 314-15 (10th Cir. 2003) (stating that claims dismissed for lack of jurisdiction must be dismissed without prejudice).

Accordingly,

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review

- 13 -

by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: October 10, 2023                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge